UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                v.

JAMES F. LAGONA,

                          Defendant.

**DECISION AND ORDER**
12-MJ-2151

---

On November 16, 2012, the Government filed a motion (Dkt. No. 3) for a protective order governing discovery in this case. In support of the motion, the Government stated in its papers that some of the material that it would produce contains "confidential and sensitive information relating to the Government's ongoing investigation." (Dkt. No. 3 at 1.) During proceedings on November 19, 2012, the Government clarified that it worried about information that it wanted to produce to defendant voluntarily but that it also wanted to present to a grand jury for possible indictment. The Government attached a proposed protective order to its motion papers (*see* Dkt. No. 3-1). The proposed protective order contains the directive that "the parties covered by this Order shall not, without the Government's prior express written agreement or a Court order, use any information contained in those discovery materials in any public court filing, refer to any such information in open court, or otherwise publicly disclose those contents." (*Id.* at 2.)

Defendant has no objection to the entry of the proposed protective order.

Although no one opposes the pending motion, the Court nonetheless must balance the Government's request against the public's interests. As quoted above, the proposed protective order explicitly would affect all future filings that the parties would make in the public docket. A limitation that broad imposed so early in the case[1] inevitably would infringe on the public's right to access the docket to learn information about ongoing proceedings. *See, e.g., Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004) ("[T]he ability of the public and press to attend civil and criminal cases would be merely theoretical if the information provided by docket sheets were inaccessible. In this respect, docket sheets provide a kind of index to judicial proceedings and documents, and endow the public and press with the capacity to exercise their rights guaranteed by the First Amendment."). The public's right of access normally does not extend to grand jury proceedings, however, and anyone seeking grand jury material would have to make a strong showing of the need for disclosure. *See* Fed. R. Crim. P. 6(d-e) (limiting who can attend and disclose grand jury matters); *In re N.Y. Times Co. to Unseal Wiretap & Search Warrant Materials*, 577 F.3d 401, 410 (2d Cir. 2009) (declining to extend the First Amendment right of access to proceedings "like grand jury presentations" that are not public).

---

[1] Although the Government has invoked Rule 16(d)(1) in support of its motion, the Court hesitates to apply that rule—yet—because this case currently lacks a "pleading" that seems necessary to trigger it. *See* Fed. R. Crim. P. 12(a) ("The pleadings in a criminal proceeding are the indictment, the information, and the pleas of not guilty, guilty, and nolo contendere.").

Under these circumstances, the Court finds that a more limited approach is the best way to reward the Government for volunteering to engage in discovery this early while protecting the public's right of access. The Court grants the Government's motion in part; to the extent that the language of the proposed protective order is consistent with this Decision and Order, the Court incorporates that language by reference and imposes it on the parties effective immediately. The Court hereby modifies the language of the proposed protective order, however, to make it expire automatically upon the filing of either an indictment or a plea agreement in connection with this case, whichever comes first. If a grand jury eventually indicts defendant then Rule 6 of the Federal Rules of Criminal Procedure will take over to address the Government's concerns about the sensitivity of grand jury material. If for any reason this case resolves with an immediate plea then the District Judge presiding over the plea can reassess any need for confidentiality.

## CONCLUSION

For all of the foregoing reasons, the Court grants the pending motion for a protective order (Dkt. No. 3) in part as explained above.

SO ORDERED.

*/s Hugh B. Scott*
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: November 19, 2012

3